De Leon-Solis v. Lynch

BIA
Poczter, IJ
A88 439 340

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand sixteen.

PRESENT:
ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

ROMILIO OTTONIEL DE LEON-SOLIS, AKA
OROLDO MEJIA

        *Petitioner,*

        v.                                            15-1692

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:            S. Michael Musa Obregon, Maspeth, N.Y.

FOR RESPONDENT:            Elizabeth K. Fitzgerald-Sambou, Trial Attorney (Margaret Kuehne Taylor, Senior Litigation Counsel, *on the brief*) Office of Immigration Litigation, United States Department of Justice, *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Romilio Ottoniel De Leon-Solis, a native and citizen of Guatemala, seeks review of an April 30, 2015 decision of the BIA, affirming a November 14, 2013 decision of an Immigration Judge ("IJ"), which denied De Leon-Solis's application for cancellation of removal. *In re De Leon-Solis*, No. A088-439-340 (B.I.A. Apr. 30, 2015), *aff'g* No. A088-439-340 (Immig. Ct. N.Y.C. Nov. 14, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., without considering the IJ's bases for denying relief on which the BIA refused to rely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

In order for an alien who is not a lawful permanent resident to demonstrate eligibility for cancellation of removal, he must establish, *inter alia*, that his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The standard of exceptional and extremely unusual hardship requires a showing of hardship that is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country," and is limited to "truly exceptional" situations. *In re*

2

*Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001). In making this hardship determination, "consideration should be given to the age, health, and circumstances of the qualifying family members, including how a lower standard of living or adverse country conditions in the country of return might affect those relatives" (the "*Monreal* factors"). *In re Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002) (citing *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

Because the agency denied cancellation of removal based on De Leon-Solis's failure to establish "exceptional and extremely unusual hardship," our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). In order to ascertain whether this Court has jurisdiction, we must

> study the argument[] asserted [and] . . . determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual finding or justification for the discretionary choices, in which case [we] would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case [we] could exercise jurisdiction to review those particular issues.

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). We have found fact-finding to constitute an error of law in the hardship context when "facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

3

De Leon-Solis argues that the agency committed an "error of law" by failing to consider the cumulative effect of the testimony about the school problems of his U.S.-citizen son, Brandon, along with the factors laid out in *Monreal*. This argument is contradicted by the record. The agency considered the testimony about Brandon's school problems as well as the other relevant *Monreal* factors. With respect to Brandon's age, health, and circumstances, the IJ observed that Brandon was in sixth grade, lived with his mother and her husband, gets along with his mother's husband, would continue to live in the same household, and "could presumably be supported financially and emotionally by the adults residing there." Record on Appeal at 47. The IJ explicitly acknowledged De Leon-Solis's testimony "that Brandon cannot learn well," but further observed that De Leon-Solis did not testify that Brandon had been diagnosed with a learning disability and stated that he was in regular classes at school. Record on Appeal at 46. The agency was not required to assess the prospective loss of educational opportunities Brandon might suffer in Guatemala because Brandon has never lived with De Leon-Solis and De Leon-Solis testified that Brandon would remain with his mother and her husband in the United States. In sum, this argument is a challenge to the agency's fact finding and exercise of discretion, framed as a claim of legal error.

Similarly, De Leon-Solis's argument that a proper weighing of the *Monreal* factors would have resulted in a finding of exceptional and extremely unusual hardship "merely quarrels over the correctness

4

of the [agency's] factual findings or justification for [its] discretionary choice[]," which we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk